# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 23-cv-01504-NYW-KAS

DONALD PALMER,

    Plaintiff,
v.

UNITED STATES,
UNITED STATES POSTAL SERVICE, and
UNITED STATES POSTAL SERVICE OFFICE OF INSPECTOR GENERAL,

    Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathryn A. Starnella, issued on July 31, 2025 ("the Recommendation"). [Doc. 48].[1]  Judge Starnella recommends that this Court grant in part and deny without prejudice in part Defendants' Motion to Dismiss ("Motion to Dismiss") [Doc. 31, filed January 13, 2025] and administratively close the case.[2]  [Doc. 48 at 2].

The Recommendation states that objections to the Recommendation must be filed within 14 days after its service on the Parties.  [*Id.* at 17]; 28 U.S.C. § 636(b)(1)(C); Fed.

---

[1] Where the Court refers to the filings made in the Electronic Case Files ("ECF") system in this action, it uses the convention [Doc. __] and uses the page number as assigned by the ECF system.

[2] In the body of the Recommendation and in the Conclusion, Judge Starnella recommends denying the Motion to Dismiss without prejudice in part with respect to Plaintiff's tort claim.  [Doc. 48 at 16].  In the introduction of the Recommendation, Judge Starnella recommends denying the Motion to Dismiss with prejudice.  [*Id.* at 2].  The Court attributes the discrepancy in the introduction to a typographical error and addresses the recommendations in the body and the Conclusion of the Recommendation.

R. Civ. P. 72(b)(2).  Plaintiff Donald Palmer ("Plaintiff" or "Mr. Palmer") filed a Motion for Objection to Recommendations [sic] ("Objection"), [Doc. 51, filed August 24, 2025],[3] and the United States, United States Postal Service, and United States Postal Service Office of the Inspector General (collectively, "Defendants") filed Defendants' Response to Plaintiff's Objection to Magistrate Judge Starnella's Recommendation that the Court Grant Defendant's Motion to Dismiss in Part and Administratively Stay the Case ("Response"), [Doc. 52, filed September 3, 2025].  The Recommendation is thus ripe for review. For the reasons set forth below, the Court respectfully **OVERRULES** the Objection and **ADOPTS** the Recommendation as **MODIFIED**.

## BACKGROUND

**I.   Factual and Procedural Background**

Judge Starnella provides a detailed recitation of the factual and procedural history of this case, *see* [Doc. 48 at 2–6], and the Court only repeats it here briefly to resolve Plaintiff's Objection.  Mr. Palmer is a retired United States Postal Service ("USPS") employee.  [Doc. 18 at 12].  Mr. Palmer asserts that his relationship with his supervisor Nicklas Morgan ("Mr. Morgan") deteriorated over several years, ultimately leading to a threat of administrative action.  *See, e.g.*, [*id.* at 12, 21].  Prior to the threatened action, Mr. Palmer asserts that Mr. Morgan yelled at him and denied his requests for annual leave and requests to transfer offices.  [*Id.* at 6–7].

Mr. Palmer emailed Mr. Morgan's direct supervisor regarding Mr. Morgan's

---

[3] Because Plaintiff proceeds pro se, the Court affords his filings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot and will not act as an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.

conduct, alleging that Mr. Morgan's behavior created a "hostile and abusive work environment."  [*Id.* at 18].  Mr. Morgan's supervisor told Mr. Palmer that he sent his complaint to the District Office.  [*Id.*].  In the meantime, Mr. Morgan was promoted, leading Mr. Palmer to believe he could not discuss Mr. Morgan's conduct because his "job was on the line."  [*Id.*].  After following up on the complaint he had submitted, Mr. Palmer learned that the regional Labor Relations Manager had no record of his complaint.  [*Id.* at 19–20].  A Human Resources manager for the Western Area emailed Mr. Palmer, telling him that he had received significant attention and directing him to "cease continuing to pursue this issue via emails and correspondence" and telling him that "[f]ailure to follow this directive may result in administrative action," leading Mr. Palmer to believe he was being threatened with administrative action.  [*Id.* at 20–21].  He reached out to the USPS Office of Inspector General ("OIG") but alleges that OIG dismissed his concerns or "sent [them] to the District Office to investigate."  [*Id.* at 21].  Ultimately, Mr. Palmer decided to retire.  [*Id.*].

Mr. Palmer filed this action on June 14, 2023, [Doc. 1], and filed the operative pleading on August 27, 2024, bringing several claims against the United States, USPS, and USPS OIG, *see* [Doc. 18].  Specifically, Mr. Palmer sets forth five "Statement[s] of Claim[s]":  (1) "Harassment, Hostile Work Environment"; (2) "Retaliation; Whistleblower Protection"; (3) "Failure to protect me" in violation of USPS policies and regulations; (4) "Constructive Discharge Claim"; and (5) "Tort."  *See* [*id.* at 6–14].  On January 13, 2025, Defendants moved to dismiss Plaintiff's Complaint.  [Doc. 31].  Plaintiff responded in opposition to the Motion to Dismiss, [Doc. 35], and Defendants replied, [Doc. 39].

II.     **Recommendation of the United States Magistrate Judge**

Construing Mr. Palmer's Amended Complaint liberally, Judge Starnella finds that he raises three sets of claims: employment claims, whistleblower claims, and a tort claim. [Doc. 48 at 5]; *see* [Doc. 18 at 6–13 (employment claims), 9–10 (whistleblower claim), 13–14 (tort claim)]. Judge Starnella defines the employment claims to include claims for harassment, hostile work environment, retaliation, and constructive discharge.[4] [Doc. 48 at 5, 11]; *see* [Doc. 18 at 6–13]. In addition, Judge Starnella treats Mr. Palmer's "Retaliation; Whistleblower Protection" claim separately. [Doc. 48 at 11–13]. Finally, Judge Starnella construes Mr. Palmer's tort claim as a general tort claim for intentional or negligent infliction of emotional distress. [*Id.* at 14]. Neither Mr. Palmer nor Defendants object to Judge Starnella's categorization of Mr. Palmer's claims, and this Court adopts them.

First, Judge Starnella observes that Mr. Palmer does not allege employment discrimination based on age, disability, race, or any other protected characteristic. [*Id.* at 8]. Accordingly, Judge Starnella concludes that Mr. Palmer's employment claims are jurisdictionally barred by the Civil Service Reform Act ("CSRA"), which provides the exclusive procedure for challenging federal personnel decisions. [*Id.* at 8–9]. As a result, Judge Starnella recommends that the Court dismiss Plaintiff's employment claims without prejudice for lack of subject matter jurisdiction. [*Id.* at 7–11].

Second, Judge Starnella recommends that the Court dismiss Plaintiff's whistleblower claim for failure to state a claim upon which relief can be granted. [*Id.* at

---

[4] In one instance in the Recommendation, Judge Starnella appears to include Mr. Palmer's whistleblower claim as part of employment claims.

4

11–14]. Judge Starnella recognizes that under the Whistleblower Protection Act ("WPA"), "violations of internal agency policy do not, by themselves, give rise to federal claims." [*Id.* at 12]. And because Plaintiff alleges only a violation of internal policies, Judge Starnella concludes that Plaintiff cannot state a plausible claim. [*Id.* at 12–13]. Judge Starnella also observes that USPS employees are not covered by the WPA and must instead engage in a separate internal USPS process for whistleblower complaints. [*Id.*]. Because Plaintiff does not allege that he attempted to appeal any decisions through that process, Judge Starnella finds that this is a separate basis to conclude that Plaintiff fails to state a claim. [*Id.*].

Third and finally, Judge Starnella recommends that the Motion to Dismiss be denied without prejudice with respect to Plaintiff's tort claim and that the action be administratively closed so that Plaintiff may pursue his tort claim under the Federal Employees Compensation Act ("FECA"). [*Id.* at 13–16]. In doing so, Judge Starnella concludes that the Court lacks subject matter jurisdiction over any tort claim pursued pursuant to the Federal Tort Claims Act. [*Id.* at 13–14].

## LEGAL STANDARDS

### I. Rule 72

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*,

73 F.3d 1057, 1060 (10th Cir. 1996). Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted). In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. Rule 12(b)(1)

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Rule 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)).

## III. Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

6

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

## ANALYSIS

In his Objection, Mr. Palmer broadly argues that "[Judge] Starnella allowed herself to advocate and supply additional factual allegations . . . and constructed a legal theory on [Defendants'] behalf." [Doc. 51 at 1]. In his view, Judge Starnella erroneously acted as an advocate for Defendants by reaching issues not raised in their Motion to Dismiss. *See, e.g.,* [*id.* at 1–2]. Mr. Palmer asks this Court to reject Judge Starnella's Recommendation, to deny the Motion to Dismiss, and to "allow [the Parties] to proceed with [d]iscovery and [m]ediation." [*Id.* at 1, 4–5]. The Court addresses these arguments in turn.

**CRSA.** First, Mr. Palmer argues that Judge Starnella acted as an advocate on behalf of Defendants because she raised legal issues not presented in Defendants' Motion to Dismiss. [*Id.* at 1–2]. Specifically, he argues that Judge Starnella's reliance on the CSRA was erroneous because Defendants never raised the CSRA as a basis for dismissal in their Motion. [*Id.* at 2]. The Court respectfully disagrees that Judge Starnella acted as Defendants' advocate in issuing her Recommendation.

Federal courts are "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *Wilderness Soc. v. Kane Cnty.*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). It is well established that federal courts have an independent obligation to assure themselves of their own jurisdiction. *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 762 F.3d 1016, 1029 (10th Cir. 2014). Therefore, it was not only appropriate for Judge Starnella to raise the issue of subject matter jurisdiction sua sponte, but she was required to do so.

7

*Zivkovic v. Hood*, 694 F. App'x 661, 662 (10th Cir. 2017) ("The district court can always address subject-matter jurisdiction *sua sponte*.").

Here, Judge Starnella did not err when she concluded that the CRSA preempts Mr. Palmer's employment claims and this Court lacks subject matter jurisdiction over such claims. When a particular statute establishes the process by which a federal employee may challenge personnel decisions, as the CSRA does, the employee must follow that procedure and cannot avoid it by attempting to raise claims under other federal or state law. *Tompkins v. U.S. Dep't of Veterans Affs.*, 16 F.4th 733, 742 (10th Cir. 2021); *Hill v. Dep't of Air Force*, 884 F.2d 1318, 1320–21 (10th Cir. 1989) (stating that Congress established the CSRA as a comprehensive scheme to administer public rights in the context of federal employment). Furthermore, authority from the United States Court of Appeals for the Tenth Circuit reveals that Mr. Palmer's tort claim, construed as one for intentional or negligent infliction of emotional distress, is also preempted by the CRSA. *Steele v. United States*, 19 F.3d 531, 533 (10th Cir. 1994). This Court lacks subject matter jurisdiction over claims that are preempted by the CRSA, and dismissal of these claims without prejudice is appropriate. *See Franken v. Bernhardt*, 763 F. App'x 678, 682 (10th Cir. 2019); *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002).

Accordingly, Plaintiff's objection on this point is respectfully **OVERRULED**, the Recommendation is **ADOPTED as modified**, and Defendants' Motion to Dismiss is **GRANTED** as to the employment claims and the tort claim.[5]

---

[5] This Court does not reach Judge Starnella's separate recommendations regarding the tort claim because once it has determined that it lacks subject matter jurisdiction, it is inappropriate to proceed further to considering the merits of any such claim. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217 (10th Cir. 2006). Accordingly, the Court does not address Mr. Palmer's

***Whistleblower Claim.*** Mr. Palmer raises similar objections to Judge Starnella's treatment of his whistleblower claim. He argues that Judge Starnella erroneously supplied "case law to support" Defendants' arguments with respect to his whistleblower claim. [Doc. 51 at 2]. He also takes issue with Judge Starnella mentioning the USPS whistleblower complaint process, which he claims was not mentioned in Defendants' Motion to Dismiss. [*Id.*].

As for Plaintiff's first argument, while the Court cannot and does not perform legal research or to craft arguments on behalf of a party, *Lebahn v. Owens*, 813 F.3d 1300, 1308 (10th Cir. 2016), the Court is not limited to the cases cited by parties, *see Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) ("When an issue . . . is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law."). Moreover, Mr. Palmer appears to agree that the WPA does not apply to him as a USPS employee. *See* [Doc. 51 at 3]; *see also Montgomery v. Donohoe*, 602 F. App'x 638, 640 (7th Cir. 2015); *McDermott v. Donahoe*, 465 F. App'x 686, 687 (9th Cir. 2012) ("The district court properly dismissed [a USPS employee's] claims under the WPA because it does not apply to the United States Postal Service." (citations omitted)); *Oslowski v. Merit Sys. Prot. Bd.*, 117 F. App'x 748, 750 (Fed. Cir. 2004); *Hickok v. U.S. Postal Serv.*, No. 2:04-cv-00573-DAK, 2006 WL 3760137, at *6 (D. Utah Dec. 18, 2006). Therefore, Mr. Palmer's arguments regarding Judge Starnella's case citations are not persuasive.

As for Plaintiff's objection to Judge Starnella mentioning the USPS whistleblower

---

objection regarding the identification or application of FECA. [Doc. 51 at 4].

9

complaint process, Plaintiff does not explain how her brief mention of the process was legally erroneous.  *See* [Doc. 51]; *see also* [Doc. 48 at 12–13].  At bottom, Plaintiff's Complaint fails to identify a legal basis or set forth a cognizable claim over which this Court has jurisdiction based on Mr. Palmer's whistleblowing activities.  *See generally* [Doc. 18].  Accordingly, Plaintiff's objection to Judge Starnella's recommendation that his whistleblowing claim should be dismissed pursuant to Rule 12(b)(6) is respectfully **OVERRULED**.[6]

Based on the analysis contained herein, the Court respectfully **OVERRULES** Mr. Palmer's Objection, **ADOPTS** the Recommendation as **MODIFIED**, and **GRANTS** Defendants' Motion to Dismiss.

***Other Concerns.***  Finally, this Court turns briefly to Mr. Palmer's concerns regarding Judge Starnella's Recommendation.  [Doc. 51 at 4–5].  It is well-settled that "mere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of his authority."  *Rader v. United States*, No. 08-cv-00568-WDM-MEH, 2008 WL 4949168, at *3 (D. Colo. Nov. 17, 2008).  And in reviewing the Recommendation and the entire docket, this Court finds no basis to question the impartiality of Judge Starnella.

## CONCLUSION

Accordingly, it is **ORDERED** that:

---

[6] To the extent Plaintiff attempts to raise additional arguments about whether he followed internal USPS procedures, *see* [Doc. 51 at 2–3], it is well established that a plaintiff cannot supply additional facts or amend his pleading through an objection to a magistrate judge recommendation on a motion to dismiss, *see Melnick v. Gamblin*, No. 20-cv-02284-CMA-KAS, 2023 WL 5625249, at *4 (D. Colo. Aug. 31, 2023).  The Court respectfully concludes that these arguments and additional facts do not change Judge Starnella's ultimate conclusion.

10

(1) Plaintiff's Objection [Doc. 51] is respectfully **OVERRULED**;

(2) The Recommendation of United States Magistrate Judge [Doc. 48] is **ADOPTED as MODIFIED**;

(3) Defendants' Motion to Dismiss Amended Complaint [Doc. 31] is **GRANTED** and the entirety of this action is **DISMISSED without prejudice**;

(4) The Court declines to award costs under D.C.COLO.LCivR 54.1;[7] and

(5) The Clerk of the Court is **DIRECTED** to **TERMINATE** this case.

DATED: September 25, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[7] Costs should generally "be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), but the district court may in its discretion decline to award costs where a "valid reason" exists for the decision, *see, e.g.*, *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). Plaintiff is a pro se litigant proceeding in forma pauperis, and he indicates that his wife is disabled and that, having retired from the USPS, he is on a fixed income. [Doc. 2 at 5; Doc. 8]. The Court notes that the jurisdictional issues surrounding these types of claims for USPS can be complicated, particularly for unrepresented parties. Accordingly, the Court declines to award costs on that basis. *Shapiro v. Rynek*, 250 F. Supp. 3d 775, 779 (D. Colo. 2017) ("[A] district court does not abuse its discretion in denying costs when . . . the non-prevailing party is indigent." (citation omitted)).